### ST. PAUL FIRE AND MARINE INSURANCE COMPANY, as Subrogee of Vicam, L.P., Plaintiff,

### v.

### BIRCH, STEWART, KOLASCH & BIRCH, LLP, Leonard R. Svensson, Bernard L. Sweeney, Defendants.

### Civ.A. No. 2001–10327–RBC.[1]

United States District Court,
D. Massachusetts.

Sept. 29, 2003.

David A. Barry, William L. Boesch, Sugarman, Rogers, Barshak & Cohen, Boston, MA, Warren E. Zirkle, McGuire Woods LLP, McLean, VA, for defendants.

Thomas J. Conlin, Bruce A. Finzen, Robins, Kaplan, Miller & Ciresi LLP, Minneapolis, MN, Lisa A. Furnald, Robins, Kaplan, Miller & Ciresi LLP, Boston, MA, for plaintiff.

## *MEMORANDUM AND ORDER ON DEFENDANTS' MOTION FOR LEAVE TO EXCEED PRESUMPTIVE NUMBER OF INTERROGATORIES UNDER LOCAL RULES (# 59, filed 9/11/03)*

COLLINGS, United States Magistrate Judge.

Defendants seek leave to file more than the presumptive number of interrogatories

1. With the parties' consent, on December 6, 2001, this case was referred and reassigned to the undersigned for all purposes, including trial and the entry of judgment, pursuant to 28 U.S.C. § 636(c).

set forth in the Local Rules of the United States District Court for the District of Massachusetts (hereinafter, "Local Rules"). The facts are that each of the three defendants has served 25 interrogatories on the plaintiff, making for a total of 75 interrogatories which have been served by the defendants' "side" of the case. The motion raises a substantial question relative to the interplay between the Federal Rules of Civil Procedure and the Local Rules.

Rule 33(a), Fed.R.Civ.P., provides, in pertinent part:

(a) **Availability.** Without leave of court or written stipulation, any party may serve upon any other party written interrogatories not to exceed 25 in number, including discrete subparts, to be answered by the party served...

Under the plain terms of Rule 33(a), each defendant could, without leave of court, serve 25 interrogatories on the plaintiff.

Local Rule 26.1(C) provides, in pertinent part:

(C) **Discovery Event Limitations.** Unless the judicial officer orders otherwise, the number of discovery events shall be limited for each side (or group of parties with a common interest) to ten (10) depositions, twenty-five (25) interrogatories, twenty-five (25) requests for admission, and two (2) separate sets of requests for production.

Thus, Local Rule 26.1(C) would not permit each defendant to file 25 interrogatories upon the plaintiff without court order; rather, the number of interrogatories which could be served upon plaintiff would be limited to 25 for the defendants' "side" of the case.

The question then arises whether a court may, by local rule, restrict the number of interrogatories which may be filed under the Federal Rules of Civil Procedure. Rule 26(b)(2), Fed.R.Civ.P., provides, in pertinent part, as follows:

(2) **Limitations.** By order, the court may alter the limits in these rules on the number of depositions and interrogatories or the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests [for admissions] under Rule 36.

This provision seems to prohibit a court, by local rule, from altering the limitations on the number of interrogatories and depositions found in the Federal Rules of Civil Procedure. The fact that the number of interrogatories and depositions may be altered only by an "order" while the number of requests for admissions may be altered either by an "order" or "local rule" compels this conclusion.

A court's local rules must be "consistent with—but not duplicative of" the Federal Rules of Civil Procedure. Rule 83(a)(1), Fed. R.Civ.P. Thus, it is my opinion that those parts of Local Rule 26.1(C) which limit the number of interrogatories to 25 for "each side" and the number of depositions to 10 for "each side" are unenforceable.

It follows that the defendants do not need the court's permission for each to serve 25 interrogatories upon the plaintiff. Accordingly, it is ORDERED that Defendants' Motion for Leave to Exceed Presumptive Number of Interrogatories Under Local Rules (# 59, filed 9/11/03) be, and the same hereby is, DENIED as moot.

That does not end the inquiry; there is a question of the propriety of the defendants each serving 25 interrogatories on the plaintiff in the instant case which concerns allegations of legal malpractice. Rule 26.2, Fed. R.Civ.P. gives a judge the power to limit the "use of discovery methods otherwise permitted." Plaintiff's point that it seems unduly burdensome and duplicative to have to answer this many interrogatories, many of which are so-called "contention interrogatories", especially when the plaintiff's expert report will contain much of the information sought, appears to have some merit.

Thus, I direct that counsel confer in a good faith attempt to reach an agreement on this dispute. Perhaps the number of interrogatories can be lessened after plaintiff's expert report is produced on October 1st. If agreement cannot be reached and counsel for the plaintiff remains of the view that the number of interrogatories served is excessive and that answering them would be burdensome and provide information duplicative of what has already been produced, plaintiff's counsel

may file and serve a motion for a protective order. Otherwise, the interrogatories shall be answered within 30 days of the date of this Order.